MILLER, Judge,
concurring specially.
Although I concur with the result reached by the majority in this case, I write separately, because I do not agree with all that is said in Division 1. It was not necessary for the majority to apply the right for any reason rule[6] in order to affirm the denial of the City’s motion to dismiss, because the trial court properly ruled below that the legislature expressly waived sovereign immunity by enacting the OMA. OCGA § 50-14-5 (a); Ga. Const, of 1983, Art. IX, Sec. II, Par. IX (General Assembly may expressly waive sovereign immunity by law).
It is important to note that the plain language of the OMA specifically provides that the Attorney General has the authority under the statute to bring an action to enforce the OMA. This is an important duty and essential purpose conveyed on the Attorney General by the legislature in order to maintain open meetings in the interest of the general public. Since the statute expressly allows the Attorney General to bring this action, I would affirm the denial of the City’s motion to dismiss.
*498 Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General, Jennifer Colangelo, Assistant Attorney General, for appellee.

 This Court may affirm the judgment of the lower court, even if it is based on erroneous reason, so long as it is right for any reason. See Nat. Tax Funding v. Harpagon Co., 277 Ga. 41, 45 (4) (586 SE2d 235) (2003).